UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RITA C. TAYLOR,

      Plaintiff,

vs.

CITY OF TALLAHASSEE,

      Defendants.

CASE NO.: 4:24-cv-_____-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, RITA C. TAYLOR, (hereinafter "TAYLOR"), by and through the undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendant, CITY OF TALLAHASSEE (hereinafter referred to as "COT"), and states:

### JURISDICTION

1.    TAYLOR invokes this Court's jurisdiction under Title 28 U.S.C. §§ 1331 and 1343 on grounds that this action arises under 42 U.S.C. § 2000e *et seq.*, of the Civil Rights Act of 1964, as amended in 1991 (hereinafter "Title VII"), based on gender discrimination.

2.     The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to Title 28 U.S.C. § 1391(e).

3.     At all times relevant, TAYLOR was employed by COT.

## PARTIES

4.     The Plaintiff, RITA C. TAYLOR, is a 67-year-old, female citizen of Leon County, Florida, residing at 9528 Buck Haven Trail, Tallahassee, Florida 32312.  At all times pertinent, TAYLOR was an employee for COT, as defined in 42 U.S.C. 2000(e), holding the position of Administrative Services Manager.

5.     The Defendant is the CITY OF TALLAHASSEE, an incorporated municipality in Leon County, Florida.

## ADMINISTRATIVE REMEDIES

6.   On March 19, 2024,   TAYLOR filed a formal Charge of Discrimination with the United States Equal Employment Opportunity Commission (U.S. EEOC) against  COT which was assigned Charge No. 511-2024-000735.

7.      On March 22, 2024, the U.S. EEOC issued its Determination and Notice of Rights to TAYLOR.

## STATEMENT OF THE FACTS

8.      On or about October 23, 2007, TAYLOR began employment for COT as an Administrative Services Manager.

9.      As an Administrative Service Manager, TAYLOR supervised City employees including Keith Srinivasan, who held the position of Administrative Specialist II.

10.     On  October 11, 2023, TAYLOR walked into Srinivasan's office to give him a work assignment.  After TAYLOR described the assignment to Srinivasan, he turned toward her and began yelling, "This is too much work, you are discriminating against me.  This work needs to be done on Comp Time. You intimidate me, I am scared of you."  TAYLOR responded to his outburst in her normal voice, asking, "What are you talking about?  What have I done to make you afraid of me and how do I discriminate against you?"

11.     Srinivasan began yelling at her, both about Comp Time and the Clerical Work Load, stating it is too much work.  TAYLOR mentioned another employee, Paul.  Srinivasan looked at TAYLOR and yelled, "I don't give a shit

about Paul." He was sweating and clenching his fists. TAYLOR asked, "Keith, what is wrong with you?" Srinivasan continued yelling. TAYLOR responded, "Keith, based on your behavior, I can have you removed from this building." Srinivasan yelled at TAYLOR, "I am not going anywhere. You discriminate against me." TAYLOR responded, "I am not the problem, you are the problem. No one is discriminating against you and you don't have any more work than anyone else."

12.     TAYLOR returned to her office and called Reginald Ofuani, who is the Supervisor/General Manager for COT and TAYLOR's Supervisor. TAYLOR told Ofuani that Srinivasan had cussed at her and he was yelling at her. Ofuani then met with Srinivasan. TAYLOR could hear Srinivasan yelling at Ofuani from her office. Ofuani did not discuss this meeting with TAYLOR.

13.     On October 12, 2023, TAYLOR went into Srinivasan's office to discuss a complaint she had received from another employee about Srinivasan's work. Srinivasan, once again, began sweating and yelling at TAYLOR. He got out of his chair, walked over to TAYLOR, and pointed his finger in her face so close that he was almost touching her. He then said I am

4

not scared of you.  TAYLOR reported this incident to Ofuani who said he
would talk to Srinivasan.

14.    On October 13, 2023, Ofuani met with Srinivasan.  TAYLOR was
not present.  Ofuani then called TAYLOR into a conference room to meet with
Srinivasan.   Melba Littles was also present.   Ofuani did not mention
Srinivasan's behavior in the prior two days.  Instead, Ofuani said TAYLOR
had pointed her finger in Srinivasan's face the day before.  TAYLOR told him
that never happened.  TAYLOR then demonstrated what she had done in the
meeting with Srinivasan.  Ofuani then said Srinivasan did not cuss at you, he
used profanity.

15.    Ofuani then presented TAYLOR with a previously-prepared
disciplinary form for her signature.  TAYLOR told Ofuani that she would not
sign the form.  Ofuani had met with Srinivasan twice to discuss the incidents
and had not met with her.  TAYLOR told Ofuani he was writing her up based
on what Srinivasan told him and covering up Srinivasan's conduct toward her.

16.    TAYLOR went to her office and wrote out a resignation letter and
took it to Ofuani.  Ofuani said, this is how you are ending your 17 years.
Ofuani told her he was not accepting her resignation.  TAYLOR repeated she

5

was resigning.  Ofuani said we will meet on Monday, October 16, to talk about procedures.

17.    On October 16, 2023, Ofuani called TAYLOR into his office and asked if there was something she wanted to talk about.  TAYLOR responded, you refused to talk to me on Friday, why do you think I want to talk to you today?  Ofuani told TAYLOR he had spoken to TAYLOR's coworkers on the second floor and they said TAYLOR was going after Srinivasan.  TAYLOR had spoken to these employees who told her that Ofuani had not talked to them at all about her and Srinivasan.  TAYLOR told Ofuani he was approving Srinivasan's insubordinate behavior toward her and he will get worse. Srinivasan  has directed his rage and behavior toward Ofuani and Ofuani covers for him.  TAYLOR told Ofuani we don't need to discuss this anymore and left his office.

18.    TAYLOR met with Deputy City Manager, Cynthia Barber, to discuss  Ofuani and Srinivasan.  Barber asked TAYLOR if Srinivasan reported directly to TAYLOR, why didn't she write him up?  TAYLOR told Barber that only Ofuani could give her approval to write him up and he never did.

TAYLOR then described the encounters with Srinivasan on October 11 and 12.

19.    TAYLOR had experienced Ofuani covering up for Srinivasan's behavior which included threatening her directly to her face. Ofuani's refusal to address this behavior created a toxic work environment which caused TAYLOR to fear coming to work. Rather than endure that treatment she was forced to resign or constructively discharged.

20.    On January 1, 2024, TAYLOR reported to City Manager Reese Goad that she had received notification from the United States Post Office that Srinivasan had sent her a certified package. TAYLOR was very concerned that Srinivasan knew where she lived and felt he was trying to intimidate her. She was very concerned that someone, as unstable as Srinivasan, was sending her a package. She is very afraid of him.

## COUNT I
**UNLAWFUL DISCRIMINATION (GENDER) IN VIOLATION 42 U.S.C. § 2000e
*et seq.*, OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED IN 1991
(HEREINAFTER "TITLE VII").**

21.    TAYLOR incorporates by reference the allegations contained in paragraphs 8 through 20, above, as if set forth in full herein.

7

22.    This is a complaint for discrimination based on gender in violation of Title VII, 42 U.S.C. § 2000e, by TAYLOR against the COT.

23.    The disparate treatment described herein was because of TAYLOR's gender.  COT and/or its agents engaged in discriminatory acts with malice or with reckless indifference of TAYLOR's rights.  COT's discriminatory practice has affected the terms and conditions of TAYLOR's employment.

24.    Gender is not a bona fide occupational qualification (BFOQ), as reasonably necessary for the normal conduct of COT's business.

25.    As a direct and proximate result of these violations of her rights, TAYLOR alleges that she has suffered and will continue to suffer diminished wages, emotional distress, mental anguish, pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation and loss of savings.

26.    As a result of COT's discriminatory action, TAYLOR has been forced to hire an attorney to protect her rights and, as such, is entitled to recover reasonable attorney fees and the costs of bringing this action and other appropriate relief under Title VII, 42 U.S.C. § 2000e.

8

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, RITA C. TAYLOR, demands judgment against the Defendant, CITY OF TALLAHASSEE, and respectfully requests this Honorable Court for entry of its Order making TAYLOR whole by awarding her the following relief:

      A.    Actual damages in an amount to be determined at trial;

      B.    Compensatory damages in an amount to be determined at trial;

      C.    All attorney fees and costs of this action;

      D.    Any such other and further relief as this Court deems just and equitable.

Plaintiff respectfully requests a trial by jury.

# VERIFICATION

I affirm under penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information, and belief.

_____
RITA C. TAYLOR

Respectfully submitted,

_____
GARY LEE PRINTY
FL BAR ID NO. 363014
Gary Lee Printy Attorney at Law
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
RITA C. TAYLOR

10